## ANSON W. ALDRICH *vs.* THE BOARD OF ALDERMEN OF PROVIDENCE.

Prior to 1859 surveyors of highways had authority to make and change street grades at pleasure, and an abutting owner had no redress if the surveyors acted carefully and honestly.

Public Laws R. I., cap. 310 of 1859, made the town liable for damages suffered by an abutting owner from a change of grade.

Public Laws R. I., cap, 634, March 9, 1866, vested in the town councils the power to establish and change street grades.

Gen. Stat. R. I. cap. 60 is substantially a digest of Public Laws, R. I., caps. 310 and 634.

Hence a town is liable to an abutting owner for damages caused by the change of a grade which was established by the surveyor of highways before March 9, 1866, just as for damages caused by the change of a grade which was established by the town council after that date.

An abutting owner is not entitled to compensation for the establishment or working of a grade when none previously existed

Grading a highway involves something more than merely fitting it for travel.

PETITION for a writ of *mandamus*.

*December* 26, 1878.   DURFEE, C. J.   This is a petition for a writ of *mandamus* to the board of aldermen of the city of Providence, commanding them to appoint three suitable and indifferent men under Gen. Stat. R. I. cap. 60, § 38, to endeavor to agree with the petitioner as to the damages which he has suffered by a change of grade in Washington Street.

The petition shows that the petitioner is the owner of an estate measuring about ninety feet on Washington Street with a large hotel on it, and the lessee of a lot measuring forty-five feet on Washington Street with a building on it belonging to him; that in 1847 the street commissioners of the city of Providence, so-called, acting under an ordinance of the city, established a grade on Washington Street, and that this grade was subsequently, and down to 1874, recognized and adopted as the grade of the street by highway surveyors and commissioners, the street being worked to it by them; that in 1860 he erected his hotel, adapting it to the grade, the same having been given to him as the grade of the street by a city surveyor, after notice of his intention to build; that in 1873 he built an addition to the hotel, conforming to the same grade which was defined for him by the city engineer; that in October, 1874, the board of aldermen gave notice to abutters on Washington Street to appear before them December 3, 1874, and be heard " on the question of chang-

ing the grade " of the street; that on December 3 the matter was deferred to December 10, and on December 10 a change of the grade was directed in conformity with a map or profile prepared by the city engineer; that the change so directed was not completed until November last; that within forty days after its completion the petitioner applied to the board of aldermen to appoint three suitable and indifferent persons under Gen. Stat. R. I. cap. 60, § 38, and the board refused to comply with the application. Hence this petition.

The board of aldermen do not deny the allegations of the petition, but resist the granting of the writ on the ground that the petitioner is not entitled to damages except for a change of grade, and that there has been no *change*, but merely the establishment of a grade where none previously existed, the grade created in 1847 being, as they contend, no grade in contemplation of law because not established by the board of aldermen. Their contention is that under the statute there can be no grade of any street or highway, unless it is established, in the city of Providence by the board of aldermen, and in other towns by the town councils.

We think the board is right in its claim that an abutter is not entitled to damages for the establishment of a grade where none has previously existed; but we think it is mistaken in claiming that there can be no grade existing unless it has been established, in the city of Providence by the board of aldermen, and in other towns by the town councils. We think a review of the legislation on the subject in this State very clearly shows that street grades can exist in contemplation of law though not so established.

The first statute in which the word " grade " appears, as applicable to streets or highways, is chapter 310 of the Public Laws, passed in 1859. Streets and highways had been previously graded by surveyors under their general authority, and the grades had been changed by them *ad libitum;* and in *Rounds* v. *Mumford,* 2 R. I. 154, decided in 1852, this court had held that damages resulting to abutters from grades so created or changed, if only the creation or change was effected with due care and in good faith, were *damnum absque injuria,* and that, however great the damages might be, no action would lie on account of

them.   Chapter 310 was doubtless passed in view of this decision and for the purpose of relieving some of the hardships to which abutters might be subjected under it.   The first section of it provides that, " Whenever the grade of any street or highway shall be lawfully changed, and the estate of any abutting proprietor shall be injured thereby, the town in which such change of grade shall have been made shall be liable to pay the damages occasioned to said estate by such change of grade."   The chapter prescribes in subsequent sections the mode of proceeding for the damages.

Now it is perfectly clear that the construction for which the board of aldermen contend could not be applied to chapter 310, for when the chapter was passed, the board of aldermen and the town councils of the several towns had no power to establish or change a grade for any street or highway in the State ; and indeed, it was not until the enactment of Pub. Laws R. I. cap. 635, March 9, 1866, that any such power was given them.   To have held, at the time chapter 310 was passed, that street or highway grades could exist only when established by town councils or the aldermen, would have rendered the chapter utterly nugatory. The word " grade," as used in that chapter, must be construed to include grades made or established by surveyors of highways.

In the case at bar, however, we are to find the meaning of the word " grade " as used, not in chapter 310, but in Gen. Stat. R. I. cap. 60, and the question is, whether it is not there restricted to grades established by town councils or the board of aldermen. We think not.   Chapter 60 is but little more than a digest of chapters 310 and 634.   And there is no reason to suppose that there was any intention to limit the remedy given by chapter 60 so that it should not apply to all such changes of grade as were within the remedy given by chapter 310.   After a grade has been established and houses have been built to it, in the faith that it is going to be permanent, the same evils result from changing it, by whatever authority it may have been originally established.

It is urged that if the word " grade " is construed to include grades established by surveyors, it will follow that any existing highway which has been wrought may be regarded as graded, and, consequently, that no such highway can be graded by order

of a town council without entitling abutters who are injured by the change to damages. We do not think so. To grade a highway is to do more than simply prepare it for travel; for this may often be accomplished by slight superficial changes.

There is no question but that Washington Street was graded as well as wrought, if, within the meaning of the statute, a highway can be graded by surveyors or commissioners. We think, therefore, that the writ of *mandamus* must issue in compliance with the petition.                    *Petition granted.*

*Charles H. Parkhurst*, for petitioner.

*Nicholas Van Slyck*, City Solicitor of the city of Providence, for board of aldermen.